## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| VITA INTERNATIONAL, INC.<br><br>  *Plaintiff*,<br><br>v.<br><br>FORO ENERGY, INC., STAVANGER ENGINEERING, AS, and DECK ENGINEERING, OU<br><br>  *Defendants*. | Civil Action No. 4:18-cv-1663<br>Jury Demanded |

## ORIGINAL COMPLAINT

COMES NOW Vita International, Inc. ("Vita" or "Plaintiff") and complains of Foro Energy, Inc. ("Foro"), Stavanger Engineering, AS ("Stavanger"), and DECK Engineering, OU ("DECK" and, together with Foro and Stavanger, the "Defendants") as follows:

## NATURE OF THE CASE

1.     Plaintiff files this Complaint seeking relief under 18 USC § 1836 against Defendants for misappropriating trade secrets belonging to Plaintiff.

## JURISDICTION AND VENUE

2.     Defendant Foro is subject to jurisdiction in Texas because Foro has an office in Texas, regularly conducts business in Texas, and thus has systematic and continuous contacts with Texas subjecting it to general jurisdiction in Texas.  In addition, all Defendants, by and through Foro as its agent, committed an act in furtherance of the misappropriation in Texas.  *See* 18 USC § 1837.  Venue is appropriate in the Southern

District of Texas, Houston Division because a substantial amount of the events giving rise to this suit occurred in Harris County, Texas and because Plaintiff resides in Harris County, Texas.

3.      The Court has subject matter jurisdiction because Plaintiff's claims arise under 18 USC § 1836(c), creating federal question jurisdiction.

## PARTIES

4.      Plaintiff Vita is a Texas Corporation with its principal place of business in Harris County, Texas, and may be contacted and served through the undersigned counsel.

5.      Defendant Foro is a Delaware Corporation and may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street Suite 620, Austin, TX 78701-3136.

6.      Defendant Stavanger is a Norwegian company located at Auglendsdalen 78, 4017 Stavanger in the country of Norway.  It may be served with process through the Hague Service Convention.

7.      Defendant DECK is an Estonian company located at Ülemiste City, Carl Papello Building, 3rd Floor, Valukoja str 7/2, 11415 Tallinn in the country of Estonia.  It may be served with process through the Hague Service Convention.

## STATEMENT OF FACTS

### A.  Foro Approaches Vita.

8.      Vita is internationally known for its engineering and production of certain oilfield service products.  Particularly, one of its principals, Khaled Shaaban ("Shaaban")

specializes in the engineering and design of deployment systems to inject tubing into wells ("Deployment Systems").  Shaaban co-invented one such Deployment System that he obtained a patent on in 1998, that he assigned to Vita ("Patent 5,765,643").

9.      Aware of Vita's expertise, Foro approached Vita as early as April of 2013 to inquire regarding Vita's products.  Later, in May of 2014, Foro made a specific request of Vita for a Deployment System.  The parties later met to discuss Foro's needs.  Foro required that Vita design Deployment System to accommodate flat pack tubing as opposed to the round tubing that its Deployment Systems normally accommodated.  The Deployment System requested by Foro was for well decommissioning, which is a multi-billion  dollar industry.

10.      Then, in June 2014, Vita informed Foro that it was interested in moving forward with the design project, provided that Vita would need approximately one year to complete the prototype development and construction.  Foro responded that, prior to purchasing the Deployment System, that Foro would need to "go through the design" when it was completed to determine whether it wanted to "move forward".

11.      Prior to proceeding with designing the Deployment System, Vita required that Foro sign a non-disclosure agreement (the "NDA"), which protected Vita's confidential information and trade secrets developed during the process of developing the prototype for Foro from being used or disclosed by Foro to any other party.  The parties executed the NDA on July 29, 2014.

12.      Over the course of the next eight months, Vita worked with Foro exchanging technical information, drawings, and specifications to design the Deployment System to Foro's approval.  During these discussions, Foro disclosed that it was working with an

undisclosed Norwegian firm to obtain certification for the North Sea area.. Finally, on March 5, 2015, Vita submitted its final proposal to Foro with all specifications as well as pricing.

13.     Very shortly after submitting its final proposal, Foro informed Vita that it was going to go in a different direction.  Vita followed up with Foro in the ensuing months to see if there was continued interest, but Foro did not respond.  Finally, in June of 2016 Vita followed up with Foro, who disclosed that it had allegedly built another Deployment System distinct and separate from the Vita Deployment System.

**B.     Foro's Agency For Stavanger And DECK Revealed.**

14.     After growing suspicious of Foro's actions, Vita's Shaaban begin researching into Foro's business activities.  What he found, was a shocking revelation that Foro had apparently acted as agent for the Norwegian company Stevanger and its joint venture partner the Estonian company DECK.

15.     Publicly available information reveals that Stevanger and DECK began working together in 2013.  DECK's website reveals that it sells a Deployment System nearly identical in design, appearance, and functionality to the Vita Deployment System, which it claims was developed with "Norwegian and American experts".  This is clearly referring to Stevanger and Foro.

16.     This same Deployment System sold by DECK, in cooperation with Stevanger, has been utilized by Foro.  In fact, this Deployment System was put on the market only *six months* after Vita's final proposal in March 2015.

17.     In sum, Foro acted as an agent of industrial espionage to obtain Vita's confidential and trade secret information for Stevanger and Deck to place a Deployment

System build with Vita's trade secrets into international and U.S. commerce.  As such, all parties are liable for misappropriation of trade secrets under the Federal Defend Trade Secrets Act.

## CAUSES OF ACTION

### Count 1:  Misappropriation of Trade Secrets under 18 U.S.C. § 1836

18.     Plaintiff incorporates all paragraphs of this Complaint in this cause of action as though here set out in full.

19.     Plaintiff owns valuable trade secrets in the design and specifications of the Vita Deployment System, which is used in the oil and gas products and services industry in interstate and foreign commerce.

20.     Plaintiff took reasonable measures to protect the design and specifications of the Vita Deployment System.

21.     The design and specifications of the Vita Deployment System derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.  This is, in fact, why Defendants approached Vita and commissioned Vita to create the design and specifications for the Deployment System.

22.     Plaintiff disclosed the trade secrets to Defendant Foro pursuant to the parties' NDA.  At all relevant times, Foro was acting as agent for Defendants DECK and Stavanger. Defendants DECK and Stavanger acquired Plaintiff's trade secrets in the Deployment System through improper means.

23.     Defendants knew, or had reason to know, that the design and specifications for the Deployment System was being obtained and used through the improper means of using Foro to obtain the trade secrets under the NDA, only to have Foro breach the NDA by disclosing the information to Defendants DECK and Stavanger after receiving the confidential information.  Defendants knew Foro had a contractual duty to maintain the secrecy of the trade secret and limit the use of the trade secret.

24.     Plaintiff did not consent to the disclosure of the trade secrets to Defendants DECK and Stavanger.  Plaintiff did not consent to use of the trade secret by Defendant Foro.

25.     Plaintiff seeks its actual damages stemming from Defendants' misappropriation of the trade secrets and seeks disgorgement of any unjust enrichment obtained by Defendants as a result of the misappropriation.

26.     Plaintiff further seeks exemplary damages and attorneys' fees because the trade secrets were willfully and maliciously misappropriated.


## CONDITIONS PRECEDENT

27.     All conditions precedent to Plaintiff's claims have occurred or have been waived.


## JURY DEMAND

28.     Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

    a.   awarding actual damages;

    b.   awarding Defendants' profits obtained as a result of misappropriation;

    c.   awarding reasonable attorney's fees;

    d.   exemplary damages;

    e.   pre-and post-judgment interests and costs; and

    f.   all other relief to which Plaintiff is entitled in law or equity.

Respectfully submitted,

CAMARA & SIBLEY LLP

/s/ Joseph D. Sibley_____
Joseph D. Sibley
State Bar No. 24047203
sibley@camarasibley.com
Camara & Sibley LLP
4400 Post Oak Pkwy.
Suite 2700
Houston, Texas 77027
Telephone: (713) 966-6789
Fax: (713) 583-1131

**ATTORNEYS FOR PLAINTIFF**